IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

COLES VALLEY CHURCH, a Non-Profit
Corporation, and JAMES MATTHEW
ROYSTON,

          Plaintiffs,

     v.

STATE OF OREGON,

          Defendants.

Case No. 6:20-CV-00661-MK

STIPULATED JUDGMENT

## INTRODUCTION

1.     Plaintiff Coles Valley Church is a non-profit corporation incorporated under the laws of the State of Oregon. Plaintiff Coles Valley Church operates a church ("the Church") that is built on approximately 1.44 acres of land in Umpqua, Oregon. The land where the church is located is zoned for Exclusive Farm Use by Douglas County.

2.     Plaintiff James Royston is the Pastor of Coles Valley Church. Plaintiff Royston holds the belief that in order to serve his congregation, he must live in the community where the church is located. Plaintiff Royston has not located suitable housing within the rural community of Umpqua since he became the pastor for the church.

## PRIOR PROCEEDINGS

3.     Plaintiff Coles Valley Church applied to Douglas County to create living quarters within the existing church structure for Plaintiff Royston and his wife so that Plaintiff Royston could live in the community where the church is located (the "proposed renovation").

Page 1 - STIPULATED JUDGMENT

4. On March 21, 2019, Douglas County granted Coles Valley Church a permit to allow the proposed renovation. The decision by Douglas County was appealed to the Oregon Land Use Board of Appeals ("LUBA") by neighboring landowners, Shelley Wetherell and Michael Wetherell.

5. LUBA was created by the Oregon Legislature to make final decisions in matters involving land use and to make those decisions timely and consistently with sound principles governing judicial review. ORS 197.805-855.

6. On August 8, 2019, LUBA issued Opinion No. 2019-051, reversing the Douglas County decision regarding the proposed renovation. LUBA Opinion No. 2019-051 directly cites to ORS 215.441(1) to support its decision. ORS 215.441 restricts development on land zoned for Exclusive Farm Use.

7. LUBA's Opinion No. 2019-051 was appealed to the Oregon Court of Appeals. On October 30, 2019, the Oregon Court of Appeals affirmed LUBA without a written opinion. On March 9, 2020, the Oregon Supreme Court declined review.

**FEDERAL ACTION**

8. On April 21, 2020, Plaintiffs Coles Valley Church and Pastor Royston submitted a Complaint in the United States District Court for the District of Oregon, Case No. 6:20-CV-00661-MK, which initiated this Federal lawsuit. Plaintiffs' Complaint asserted a violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. 2000cc(A)(1).

9. RLUIPA provides in part that no government shall impose or implement a land use regulation in a manner that imposes a substantial burden on religious exercise, unless it is in furtherance of a compelling governmental interest, and the least restrictive means to further that interest. *Id.*

10. Neither Shelley Wetherell, Michael Wetherell nor Douglas County are parties to this action.

### STIPULATIONS

11.    The Defendant's Motion for Protective Order on the deliberative process privilege, and the Plaintiffs' Cross-Motion to Compel are both WITHDRAWN.

12.    Defendant's Motion for Summary Judgment based on mootness and ripeness is also WITHDRAWN.

13.    The Defendant's Motion to Substitute the State of Oregon for LUBA is GRANTED.

### AGREED UPON RELIEF

14.    The State of Oregon will not enforce LUBA Opinion No. 2019-051, and Plaintiffs may rely on the permit issued by Douglas County allowing their proposed renovations.  LUBA Opinion No. 2019-051 is inconsistent with RLUIPA in two respects:  First, with respect to its application of language contained in ORS 215.441(1) describing churches as "nonresidential place[s] of worship."  Second, with respect to its reliance on language in ORS 215.441(1)(g) that dwellings on church property be "detached" from places of worship.[1]  ORS 215.441, as applied in LUBA Opinion No. 2019-251, appears to create a substantial burden to Plaintiffs' religious exercise, which is not the least restrictive means to further the State's governmental interest of protecting farmland.

**IT IS SO STIPULATED:**

DATED: January 10th, 2022

BY: _Ray D. Hacke_

Ray Hacke, OSB No. 173647
Attorney for Plaintiffs

DATED: January 13 , 2022

BY: s/ Kenneth Crowley

Kenneth Crowley, OSB No. 883554
Senior Assistant Attorney General
for Defendant State of Oregon

---

[1] In the 2020-2021 Legislative Session, both House Bill 2008 and Senate Bill 8 were passed by the Oregon Legislature.  Both these bills removed subpart (g) from ORS 215.441(1).

## JUDGMENT

Based upon the parties separately filed notice of settlement and release of claims, and in accordance with the parties' above stipulations and agreed upon relief, the Court being fully advised, this matter is DISMISSED with PREJUDICE.

DATED: January 28, 2022

HONORABLE MUSTAFA T. KASUBHAI
U. S. District Court Judge